FILED
AUG 13 2026
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

Winfred F. Nicholson *
5219 Monticello Ave
Williamsburg, VA 23188 *
703-595-9003 plaintiff, Case No. 3:26CV809 (RCY)
vs *

Stellantis Financial Services Inc.
5757 Woodway Drive, Suite 400 * Truth in Lending Act
Houston, Texas 77057 Unfair Collection Practices
& * Validation of Debt – 12 CFR § 1006.34
Southern Chrysler Dodge Jeep Ram,
Newport AVA AG, LLC, *
12629 Jefferson Ave
Newport News VA 23602 *

Gen-Mtg – Brison Chu *
defendants

* * * * * * * *

**COMPLAINT**

COMES NOW, Plaintiff pro se, brings this civil action in equity before the United States District Court of Virginia, seeking declaration of rescission and damages against defendants, Southern Chrysler Dodge Jeep Ram Newport News, Newport AVA AG, LLC [creditor] and Stellantis Financial Services Inc. [debt collector] who willingly and knowingly took advantage of plaintiff, Winfred F. Nicholson's consumer credit transaction, pursuant to 15 U.S.C. § § 1635(a), 1640(a), on July 31, 2025. Defendant, Southern Chrysler Dodge Jeep Ram Newport News NEWPORT AVA AG, LLC., [dealer/creditor] is required to make full disclosure of the "amount financed" which shall be the amount of credit of which the plaintiff/consumer has actual use.

Transparency regarding the process of the consumer credit application being the financial asset [2026 Dodge Ram 1500]. Plaintiff, Winfred F. Nicholson [secure party] participated in a consumer credit transaction and not a loan. The finance charges in

connection with this consumer credit transaction shall be determined as the sum of all charges, which was never disclosed by the [dealership] Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC., to the plaintiff, in direct violation of the Truth in Lending Act.

**VENUE**

This cause of action occurred and/or accrued in the county of Newport News, Virginia and venue is proper in the District Court of Virginia as follows: diversity plaintiff/consumer Winfred Nicholson 5219 Monticello Ave Williamsburg, VA 23188; defendant principal place of business, [ Southern Chrysler Dodge Jeep Ram Newport News] [dealership/creditor] under Newport AVA AG, LLC, 12629 Jefferson Ave Newport News VA 23602; defendant principal place of business in another State, Stellantis Financial Services Inc. [debt collector] 5757 Woodway Drive, Suite 400 Houston, Texas 77057.

**COURT JURISDICTION**

Plaintiff brings civil action in EQUITY before the United States District Court, Virginia or in any court of competent jurisdiction within three years from the date of the occurrence, under 15 U.S.C. § 1640(a) Civil Liability. Plaintiff seeks Declaratory Judgment for liability and damages pursuant to Federal Rules of Civil Procedure, Rule 57. Pursuant to [FRCP], Rule 38 plaintiff, Nicholson also demands the right of trial by jury as declared by the Seventh Amendment to the Constitution. Defendant Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC., [dealer/creditor] who failed to comply with the requirements imposed, under 15 U.S.C. § 1635(a)(b) Right of Rescission, including 15

U.S.C. § 1692g- Validation of debt requirements with respect to the plaintiff's right to due process and equity under 12 CFR PART - 1006 FAIR DEBT COLLECTION PRACTICES ACT. As *Cited: Jesinoski v. Countrywide Home Loan, Inc. 574 U.S. 259 (2015).* Congress passed the Truth in Lending Act to help consumers "avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a).

Defendants Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC., [creditor] and Stellantis Financial Services, Inc., [debt collector] are now liable for damages sustained by the plaintiff in this civil action, because of their failure to respond and return money or property following the receiving of [Notice of Rescission].

Plaintiff Winfred F. Nicholson] [secure party] participated in a consumer credit transaction and not a loan, so on December 12, 2025, filed a [Notice of Rescission] against the dealer's original contractual agreements [Bill of Sales, Purchase Agreement, Retail Sale and Invoice], while requesting the [ Forward Flow Agreement] with respect to defendants Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC., [creditor], & Stellantis Financial Services, Inc., [debt collector] through their acquiescence of "constructive fraud" as established in but not limited to the cases of Tyler v. Secretary of State, 184 A.2d 101 (1962), and El Paso Natural Gas Co. v. Kysar Insurance Co., 605 Pacific 2d. 240 (1979) which stated: "Constructive fraud as well as actual fraud may be the basis of cancellation of an instrument."

Defendant, Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC., [dealer/creditor] through acquiescence and silence failed to response to plaintiff/obligor

Nicholson's [Notice of Rescission] sent by certified mail on December 22, 2025, pursuant to 15 U.S.C. § 1635(b) Return of Money or Property Following

Rescission:
When an obligor exercises his right to rescind under subsection (a) he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of [Notice of Rescission] the creditor shall return to the obligor any money or property, given as downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

Notice for Validation of Debt – 12 CFR § 1006.34, unfair collection

Defendant Stellantis Financial Services, Inc., is not the [original creditor], and therefore is a [debt collector], thought silence of acquiescence, failed to provide irrefutable proof that the original contract remains legally enforceable and verified that Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC., has lawfully extended credit or provided any valid consideration for the alleged debt, their actions remain unresolved.

15 U.S.C. § 1692(b) Validation of debt: If the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed or that the consumer requests name and address of the original creditor, the debt collector shall cease collection of the debt, until the debt collector obtains verification of the debt or a copy of a judgment and is mailed to the consumer by the debt collector.

12 CFR PART - 1006 FAIR DEBT COLLECTION PRACTICES ACT
(REGULATION F) THIRD PARTY- COLLECTION

Pursuant to 12 CFR § 1006.2 (g), Definitions, Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC., [original creditors], cannot assign or transfer debt in default solely to facilitate collection of the debt, is a violation of this Regulation-F.

Pursuant to 12 CFR § 1006.2 (i)(1) Definitions, Stellantis Financial Services, Inc., [debt

collector], cannot use any name other than its own that would indicate that the third party is collecting or attempting to collect such debts, is a violation of this Regulation-F.

The finance charges in connection with this consumer credit transaction shall be determined as the sum of all charges, which was never disclosed to the plaintiff Nicholson [secure party] by the [dealership] Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC., in direct violation of the Truth in Lending Act, 15 U.S.C. § 1601-1667 f, on July 31, 2025.

On March 31, 2026, plaintiff Nicholson filed complaint #260331-3073025, with [Consumer Financial Protection Bureau, Washington DC.], against defendant Stellantis Financial Services, Inc. [debt collector] address: 5757 Woodway Drive, Suite 400 Houston, Texas 77057. Defendant Stellantis Financial Services, Inc. [debt collector] thought silence acquiescence, failed to provide irrefutable proof that the original contract remains legally enforceable and verified that Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC., has lawfully extended credit or provided any valid consideration for the alleged debt, pursuant to Notice for Validation of Debt –12 CFR § 1006.34.

On June 22, 2026 @ 4;00am, Defendants Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC [dealer/creditor] and Stellantis Financial Services, Inc. [debt collector] *REPOSSESSED PROPERTY **[2026 Dodge RAM 1500]*** from personal residence, while ***STILL*** under investigation with the Consumer Financial Protection Bureau, while failing to respond to [Notice for Validation of debt] made by certified mail, on February 19th, 2026, pursuant to 12 CFR § 1006.34, while under 15 U.S.C. § 1607-Administrative Enforcement.

On June 23, 2026, plaintiff filed complaint with the Virginia, Attorney General requesting assistance for refund of all money or the release of [security lien interest] of ***[2026 Dodge RAM 1500]***. Defendant Stellantis Financial Services, Inc. [debt collector] returned repossessed property to Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC [dealer/creditor], on June 22, 2026.

On July 7th, 2026, the Consumer Financial Protection Bureau informed plaintiff Nicholson their investigation was complete and directed plaintiff seek further assistance from the Virginia, Attorney General, concerning defendants Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG, LLC, [dealer/creditor] and Stellantis Financial Services, Inc., [debt collector], unlawful practices.

On July 30th, 2026, Virginia, Attorney General responded "It is noted from your complaint that you have contacted the Consumer Financial Protection Bureau. This is the appropriate agency to respond to your complaint ...".

**REMEDY SOUGHT**

Plaintiff brings this civil action in EQUITY before the United States District Court of Virginia, seeking [declaration of rescission] and damages against defendants, Stellantis Financial Services Inc., and Southern Chrysler Dodge Jeep Ram Newport News, Newport AVA AG, LLC, whom willingly and knowingly took advantage of the plaintiff's consumer credit transaction, pursuant to 15 U.S.C. § § 1635(a), 1640(a), on July 31, 2025.

1. Plaintiff seeks twice the compensation amount of the [finance charge] in connection with the transaction for irreparable harm suffered at the hands of the defendants Southern Chrysler Dodge Jeep Ram Newport News, NEWPORT AVA AG,

LLC [dealer/creditor] and Stellantis Financial Services, Inc. [debt collector], in the amount of $71,830.09,

2. Plaintiff seeks return of securities/money or repossessed property, in the amount of $93,369.91,
3. Plaintiff demands the right of trial by jury as declared by the Seventh Amendment to the Constitution.
4. Plaintiff seeks court cost in the amount the Court renders appropriate

Respectfully submitted, this 12th day of August 2026

Winfred F. Nicholson, pro se

Winfred F. Nicholson, pro se
5219 Monticello Ave
Williamsburg, VA 23188
tanium4i7@gmail.com

Attachments:
NOTICE OF RESCISSION & REDEMPTION OF INSTRUMENT/CONTRACT-affidavit
NOTICE OF DEBT VALIDATION- Certified Mail- Stellantis Financial Services Inc.
CONSUMER FINANCIAL PROTECTION BUREAU-complaint submitted
VIRGINIA, ATTORNEY GENERAL- correspondence